## AUGUSTUS P. SMITH

### *v.*

## WILLIAM L. GRAY *et al.*

CONTRACT — *construction thereof* — *sale of goods.* A party wishing to purchase tanned sheep skins, wrote to a manufacturer as follows: " I will accept of the proposition made in your favor of the 20th inst. * * * This, of course, contemplates A No. 1 skins in quality and size, with the privilege of returning skins that I can not use."

The letter to which this was a reply, simply contained a proposition on the part of the manufacturer to sell and furnish to the other party, all the skins he might make that season, up to a certain number, at a stipulated price.

The manufacturer responded: " Will do the best for you as regards the quality of skins, and make the same as last year, with what improvements can be made: " *Held,* the extent of the agreement on the part of the seller was, that the quality of the skins should be equal to those made the year before, with the privilege reserved to the buyer to return such as would not answer his purpose ; and if the buyer, upon a full and fair inspection of the skins delivered to him, with a knowledge of their size and quality, elected to retain them, and not to avail of his privilege to return them to the seller, he could not afterward be heard to complain that they were not in accordance with the terms of the contract.

APPEAL from the Superior Court of Chicago ; the Hon. JOSEPH E. GARY, Judge, presiding.

The opinion states the case.

Messrs. BATES & HODGES, for the appellant.

Mr. R. W. SMITH, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court :

This was an action instituted by the appellees in the Superior Court of Chicago, to recover of the appellant the price and value of certain goods and merchandise, consisting of tanned sheep and calf skins, which it is alleged were sold and delivered during the summer of 1868.

The pleas filed were, the general issue, and a notice of set-off, under the statute.

In the notice it is alleged that the skins were purchased for the express purpose, and that it was so understood between the parties, of being manufactured into mittens ; that it was agreed they should be of the same size and quality of those furnished by the same parties during the year 1867. It is further averred that the goods furnished were not of the proper size and quality, and thereby the appellant was greatly damaged.

A jury was waived and the cause submitted to the court for trial. The court found the issues for the plaintiffs, and rendered judgment in their favor for the sum of $1991.04.

The errors assigned only question the ruling of the court in construing the contract between the parties, and the finding of the court on the evidence.

The negotiations between the parties for the sale and purchase of the goods in question seem to have been mostly carried on by letters, and the contract between them is to be found in their correspondence preserved in the record. All that is material to be considered with reference to the contract may be found in their respective letters of the dates of the twenty-fifth and twenty-seventh of March.

On the 25th day of March, 1868, the appellant wrote to the appellees as follows, viz. : " I will accept of the proposition made in your favor of the twentieth instant. It is too much, but I must have the skins and have them early. This of course contemplates A No. 1 skins in quality and size, with the privilege of returning skins that I can not use."

The letter to which this is a reply, simply contains a proposition on the part of the appellees, that they will sell and furnish to the appellant all the skins that they may make that season, up to two thousand dozen or more, at twelve dollars per dozen.

Under the date of March 27, 1868, the appellees replied to the appellant's letter as follows, viz. : " Yours of the twenty-fifth is received and contents noted. Will do the best for you as regards the quality of skins and make the same as last year, with what improvements can be made."

These letters must be construed together as constituting the contract between the parties, under which the goods were sold and delivered.

It will be perceived that there is no agreement on the part of the appellees that the skins should be of the same size as those manufactured and sold the previous year. The extent of the agreement is, that the quality shall be the same as those made

the year before, with such improvements as could be made, and there was, therefore, no error in the court in so construing the contract.

But if the contract should be understood to mean that the skins were to be of the same size and quality of those furnished in 1867, then, by the express terms of the contract, it was the duty of the appellant to return all that he could not use for the purposes for which they were intended. He stipulated in the contract for that privilege, and it was accorded to him. Under the privilege thus reserved to himself, he did return something over one hundred dozen, and the same were received and credit given. The appellant was in no way bound to keep any of the goods sent that he could not advantageously and economically use in his business. It was so expressly agreed, at his own instance.

If, therefore, upon a full and fair inspection of the goods, with a knowledge of their size and quality, the appellant elected to retain them and not to avail of his privilege of returning the same, he can not now be heard to complain that the goods were not in accordance with the terms of the contract.

Under this view of the meaning of the contract the evidence fully sustains the finding of the court.

We discover no error in the ruling of the court in construing the contract or in its findings on the evidence, and the judgment must be affirmed.

*Judgment affirmed.*